CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

February 20, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILBERT T. SMITH,            ) | |
|     Plaintiff,                          ) | Case No. 7:24-cv-00453 |
|                                             ) | |
| v.                                          ) | |
|                                             ) | By: Michael F. Urbanski |
| B. P. DOTSON,                       ) | Senior United States District Judge |
|     Defendant.                        ) | |

## MEMORANDUM OPINION

Wilbert T. Smith, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against B. P. Dotson. Smith claims that Dotson used excessive force against him in violation of the Eighth Amendment. Dotson has moved for summary judgment on the ground that Smith failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). ECF No. 28. Smith has filed a response in opposition to the motion, as well as an amended response.* ECF Nos. 33 and 34-1. For the reasons set forth below, the motion for summary judgment is **DENIED**.

### I.    Background

**A.    Summary of the Allegations Against Dotson**

According to the complaint, the events giving rise to this action occurred on November 12, 2023, at Red Onion State Prison (Red Onion), where Smith was previously incarcerated. During his assigned recreation time, Smith was placed in full restraints that were secured to a

---

\* Smith's motion to amend his initial response, ECF No. 34, is granted, and the court will consider the amended response and the accompanying affidavit in ruling on the motion for summary judgment.

table. When he rose from his seat to request a restroom break, one of the handcuffs slipped off his left wrist, and he was not able to resecure it. A few moments later, Dotson entered the area and directed Smith to raise his left hand. After resecuring the handcuff, Dotson grabbed Smith's hands and forcefully slammed them on the table, causing extreme pain. Smith eventually saw a specialist who ordered a brace for him to wear for several weeks. He was transferred to Wallens Ridge State Prison on January 10, 2024. Compl, ECF No. 1, at 3.

B.    **Evidence Relevant to Exhaustion**

   1.    **Inmate Grievance Procedure**

The Virginia Department of Corrections (VDOC) has established a grievance procedure for inmates that is set forth in VDOC Operating Procedure (OP) 866.1 Still Aff., ECF No. 29-1, ¶ 5. Grievable issues include actions of staff that affect an inmate personally. OP 866.1 § III(B)(1) (eff. Jan. 1, 2021, amended Apr. 1, 2023), Still Aff. Encl. A, ECF No. 29-1.

Pursuant to OP 866.1, inmates must first attempt to resolve an issue informally before filing a regular grievance. If a verbal complaint is not resolved to an inmate's satisfaction, the inmate may submit a written complaint. Id. § I(D)(2). The written complaint "must be received by designated staff within 15 days of the original incident or discovery of the incident," and the designated staff member then has 15 days to provide a response. Id. If an inmate does not receive a timely response to a written complaint or if the inmate is dissatisfied with the response, the inmate may file a regular grievance. Id.

Regular grievances generally must be submitted within 30 days from the date of the incident or the discovery of the incident. Id. § III(B)(5). If a regular grievance satisfies the intake criteria, staff must accept the grievance, log it into VACORIS, and issue a grievance

receipt within two working days. Id. § III(C)(4). When a regular grievance is accepted and logged into VACORIS, the "Facility Unit Head" or "Assistant Facility Unit Head" is responsible for providing a Level I response within 30 days of the issuance of the grievance receipt. Id. § III(F). If an inmate is dissatisfied with the response, the inmate may submit a grievance appeal within five days of receiving the Level I response. Id. § IV(B). OP 866.1 explains that an inmate satisfies the requirements for exhausting administrative remedies when a regular grievance "has been accepted into the grievance process and appealed, without satisfactory resolution of the issue." Id. § V(B). Once an inmate has satisfied the exhaustion requirements, "the appeal respondent must notify the offender that all requirements have been exhausted." Id. § V(C).

### 2. Smith's Exhaustion Efforts

In support of the pending motion for summary judgment, Dotson submitted an affidavit executed by T. Still, the grievance coordinator at Red Onion. In the affidavit, Still acknowledges that Smith submitted a written complaint pertaining to his allegation that he was physically assaulted by Dotson on November 12, 2023. Still Decl. ¶ 17. Still also acknowledges that Smith filed a regular grievance regarding the same matter, which was determined to be unfounded on January 25, 2024. Id. ¶¶ 18–19; see also Still Aff. Encls. D & E. According to Still, Smith did not appeal the Level I response. Still Decl. ¶ 21. Smith, however, disputes this assertion.

In his amended response in opposition to the motion for summary judgment, Smith states under penalty of perjury that he "filed an appeal to the regional ombudsman" on January 27, 2024, and that "the regional ombudsman stamped it as received on February 5, 2024." Pl.'s Am. Resp. Opp'n Summ. J., ECF No. 34-1, at 1. In an accompanying affidavit, Smith indicates

3

that the documents submitted to the regional ombudsman "were returned to [him] as 'unfounded' with a statement that all administrative remedies had been exhausted." Pl.'s Aff., ECF No. 34-2, ¶ 5. Smith asserts that the documents returned by the regional ombudsman were "confiscated by Wallens Ridge State Prison officials while his property was being held in storage" and that he is still "missing these documents." Id. ¶ 5.

## II.   Standard of Review

Under the Federal Rules of Civil Procedure, a party may move for summary judgment on a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. When ruling on a motion for summary judgment, the court "must construe all facts and reasonable inferences in the light most favorable to the nonmoving party." Shaw v. Foreman, 59 F.4th 121, 129 (4th Cir. 2023). "The court . . . cannot weigh the evidence or make credibility determinations." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 568 (4th Cir. 2015).

## III.   Discussion

The PLRA provides that "[n]o action shall be brought" in federal court by an inmate challenging prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," Porter v. Nussle, 534 U.S. 516, 532 (2002), and that "proper exhaustion" is required, which includes "compliance with an agency's deadlines and other critical procedure rules," Woodford v. Ngo, 548 U.S. 81, 90 (2006). Because exhaustion is an affirmative defense under the PLRA, a defendant bears the burden of establishing that

an inmate failed to exhaust his administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007).

Viewing the record in the light most favorable to Smith, the court concludes that a genuine factual dispute exists as to whether Smith properly exhausted his administrative remedies. Smith's sworn statements, taken as true, are sufficient to create an issue of material fact as to whether he appealed the Level I response to his regular grievance to the regional ombudsman, as required by OP 866.1. In light of the conflicting sworn statements submitted by the parties, Dotson is not entitled to summary judgment on the exhaustion defense. See Raynor v. Pugh, 817 F.3d 123, 130 (4th Cir. 2016) ("[W]here affidavits present conflicting versions of the facts which require credibility determinations, summary judgment cannot lie.") (internal quotation marks omitted).

## IV. Conclusion

For the reasons stated, Dotson's motion for summary judgment on the defense of failure to exhaust administrative remedies, ECF No. 28, is **DENIED**. Dotson shall have 45 days to file any motion for summary judgment addressing the merits of Smith's claim. An appropriate order will be entered.

Entered: February 19, 2026

Michael F. Urbanski
U.S. District Judge
2026.02.19 16:41:04
-05'00'

Michael F. Urbanski
Senior United States District Judge

5